IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLEN BENNETT, Inmate #A-81422,    )
                                    )
      Plaintiff,                      )
                                    )
vs.                                 )    CIVIL NO. 07-239-MJR
                                    )
ROD BLAGOJEVICH, *et al.*,          )
                                    )
      Defendants.                     )

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    Before the Court are two virtually identical motions for issuance of a temporary restraining order (TRO); the only significant difference appears to be that the second motion is accompanied by 23 pages of exhibits. A TRO is an order issued without notice to the party to be enjoined that may last no more than ten days, and one may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Therefore, the motions for issuance of a temporary restraining order (Docs. 10, 11) are **DENIED**.

Case 3:07-cv-00239-MJR   Document 13   Filed 06/05/07   Page 2 of 3   Page ID #301

Also before the Court is Plaintiff's motion to reconsider the Court's denial of his request for appointment of counsel (Doc. 12). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

The order in question (Doc. 8) was entered in this action on May 4, 2007, but the instant motion was not filed until May 31, well after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred and, under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the

kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff argues that he now has attempted to retain counsel on his own, without success; he attaches letters from three law firms who declined to represent him. Such an argument does not suggest clerical error on the part of the Court. Furthermore, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, the request for appointment of counsel is premature. Therefore, the motion for reconsideration is **DENIED**. Once the Court has completed that preliminary review, Plaintiff may file a new request for appointment of counsel at that time.

**IT IS SO ORDERED.**

**DATED this 5th day of June, 2007.**

              **s/ Michael J. Reagan**
              **MICHAEL J. REAGAN**
              **United States District Judge**